FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 02 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WAYNE C. EVANS; MADELYN F. EVANS, | Nos. 10-73745, 10-73746 |
| Petitioners - Appellants, | Tax Ct. Nos. 24498-07, 24510-07 |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellee. | |

Appeals from a Decision of the
United States Tax Court

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

In these consolidated appeals, Wayne C. Evans and Madelyn F. Evans appeal pro se from the Tax Court's decision, following a bench trial, upholding the Commissioner of Internal Revenue's determination of deficiencies and penalties

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for tax years 1995 and 1996. We have jurisdiction under 26 U.S.C. § 7482(a). We review de novo the Tax Court's conclusions of law and for clear error the Tax Court's factual determinations. *Kelley v. Comm'r*, 45 F.3d 348, 350 (9th Cir. 1995). We affirm.

The Tax Court did not clearly err in concluding that the three-year statute of limitations in 26 U.S.C. § 6501(a) does not apply and that the penalty under 26 U.S.C. § 6663 was properly imposed on Wayne Evans because there was clear and convincing evidence that the underpayment of income in the Evans's 1995 and 1996 tax returns was fraudulent. *See Laurins v. Comm'r*, 889 F.2d 910, 913 (9th Cir. 1989) (setting forth circumstantial evidence, or badges of fraud, from which court can infer fraudulent intent).

The Tax Court did not clearly err in sustaining the Commissioner's deficiency determinations and determining that the Evans failed to produce sufficient evidence to demonstrate their entitlement to claimed business deductions. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007) (taxpayer bears burden of showing right to claimed deduction).

The Tax Court did not clearly err in finding that Madelyn Evans failed to qualify for innocent spouse relief because she failed to show that she did not know or have reason to know of the understatements. *See Ordlock v. Comm'r*, 533 F.3d

1136, 1139 (9th Cir. 2008) (requirements to qualify for innocent spouse relief under 26 U.S.C. § 6015(b)).

The Tax Court did not abuse its discretion in making evidentiary rulings concerning admission of documents submitted by the Commissioner and exclusion of documents submitted by the Evans, including the profit-and-loss statement.  *See Bradford v. Comm'r*, 796 F.2d 303, 306 (9th Cir. 1986) (setting forth standard of review for Tax Court evidentiary rulings).

We reject the Evans's remaining contentions concerning Fifth Amendment violations, advice of their counsel, and Tax Court bias.

**AFFIRMED.**